## SHERWOOD *vs.* SHERWOOD.

*In the matter of the Estate of* JAMES W. SHERWOOD, *deceased.*

THE testator placed his estate in trust during the lives of his brothers David and Richard, to pay them the income, share and share alike ; and on the decease of Richard, he gave to Richard's son, Joseph, one third in fee, and on the decease of David, he gave to David's children the remaining two thirds, in fee. Richard having died, leaving his son Joseph surviving,—*Held*, that Joseph was entitled to one third of the estate in fee, and that the entire income of the remaining two thirds accrued to the benefit of the surviving brother.

The usual acceptation of language may be restrained by provisions indicating a contrary intention. Words ordinarily construed as raising a tenancy in common, will be interpreted as establishing a joint tenancy, if the terms of a gift over show an intention to create a joint tenancy.

The force of technical words is always controlled by provisions showing that a technical interpretation would militate against the design of the testator.

A. B. TAPPAN, *for Executor.*

C. LAWTON, *for Claimant.*

THE SURROGATE.—The testator gave all his estate to Samuel J. Sherwood, in trust, " to take care of the same, and from

time to time collect and receive the rents, profits, proceeds
and interest thereof, for and during the terms of the natural
lives of my brothers, David Sherwood and Richard W. Sher-
wood; and as he shall receive said rents, profits, proceeds and
interest, to divide and pay over the same, first deducting all
contingent and other legal expenses arising from the execu-
tion of said trust, to my said brothers for their sole use and
benefit, share and share alike. From and after the decease of
my said brother Richard W. Sherwood, I give, devise, and
bequeath to his son Joseph, the one equal third part of my
said estate real and personal, to him and his heirs forever.
From and after the decease of my brother David Sherwood,
I give, devise, and bequeath to all the lawful children of my
said brother David, and their heirs forever, all the remaining
two-thirds of my said estate, real and personal, to be divided
between them, share and share alike." Richard, after enjoy-
ing his share of the trust estate some time, died, leaving his
son Joseph surviving; and Joseph therefore takes one-third,
or two-sixths of the estate in fee. David has been in receipt
of three-sixths of the income since the inception of the trust:
and the question now arises as to the disposition of the remain-
ing one-sixth of the income. Joseph claims that it is not dis-
posed of by the will, and that he takes half of it as heir-at-
law, till the decease of David.

The testator has expressed very clearly, that on the decease
of his brothers respectively, the son of one of them should
take one-third, and the children of the other, two-thirds. As
to the *corpus*, the design was to cut down one share to a third,
and enlarge the other share to two-thirds—was there a diffe-
rent disposition intended as to the rents? It is a reasonable
presumption when the testator on Richard's death gave over
one-third of the capital to Joseph, that the intention was to
limit him to that share. The devise in trust being of *all* the
testator's estate, there is also a strong presumption against
any construction leading to intestacy. Moreover, the devise
in trust is in the first instance during the joint lives of both
brothers—on the death of either, a certain portion is devised

in fee, and so withdrawn from the trust, but the remainder is still left under the operation of the trust. The trust is to "divide and pay over" the income "to my said brothers, for their sole use and benefit, share and share alike." If this provision taken in connexion with the whole will, created a tenancy in common, then one-sixth of the income has lapsed. If it created a joint tenancy, then David takes the entire income of the estate remaining under the trust. Ordinarily such words as are used in this clause, would make a tenancy in common, but the doctrine is well established, that the usual acceptation of language may be restrained by provisions indicating a contrary intention. In *Armstrong* v. *Eldridge*, 3 *B. C. C.* 215, there was a devise in trust, to apply the income to the use of four grand-children "*equally between them, share and share alike*, for and during their several and respective natural lives," and "*after the decease of the survivor of them,*" in trust to divide the principal among the children of the life-tenants. Lord Thurlow held there was no tenancy in common, but a joint tenancy among the life-tenants; and the capital of the estate did not go over until all the life-tenants were dead. The ground of this decision was, that by the terms of the gift over, an intention was shown in favor of a joint tenancy instead of a tenancy in common among the life-tenants. (*Tuckerman* v. *Jefferies*, 3 *Bacon's Ab.* 681; *Pearce* v. *Edmeades*, 3 *You & Coll.*, 246.) There is enough I think, in the case now before me to call for the application of this principle. The trust is for the joint lives of the two brothers. The direction to "divide and pay over" to them "share and share alike," is necessarily so far as a division is concerned, limited to the period while both are living; and in connection with the other provisions of the will, would seem only to indicate the proportion each was to take while both were living, and not the nature of the estate. On the decease of Richard his heir takes one-third, there is no one to divide the income of the remaining two-thirds with, and David retains it, and on his decease the principal passes to his heirs. This makes a congruous will. There can be no doubt, the testator meant

to die intestate of no part of his property, and it is equally plain, that all he intended Joseph to have on his father's death was one-third in fee. This is a mere question of intention, and the force of technical words is always controlled by provisions, which show that a technical interpretation would militate against the design of the testator. I have therefore come to the conclusion, that on the decease of Richard, Joseph's share was limited to one-third, and that David takes the income of the remaining two-thirds during life, with remainder in fee to his children.